## MURRAY, ADM'R. V. EZELL.

1. In the condition of a bond, executed to remove by appeal, a case of the trial of the right of property, from a Justice of the Peace to the Circuit Court, it was recited that sundry executions had been levied on the property in question—*Held*, that it could not be intended, that the cases had been consolidated by the Justice, but the reasonable inference was, only one had been tried, or appealed from.

2. Whenever a claim to property levied on, has been interposed in due form, the constable is released from damages at the suit of the claimant.

3. Where the claimant on the trial of the right of property, before a Justice of the Peace, appeals to the Circuit Court, the constable should deliver to him the property, and if instead of doing this, he sells it under a bond of indemnity from the plaintiff in execution, the bond is void, as the consideration requires the doing of that which is against law. The constable and plaintiff are joint trespassers, but as a verdict for the latter, on the trial of the appeal, would not be evidence in an action by the claimant against the constable, the constable is a competent witness for the plaintiff.

4. Where a case, of the trial of the right of property, is removed from a Justice of the Peace to the County or Circuit Court, on the trial of the appeal, the execution is admissible evidence, without producing the judgment.

5. Although the claimant of property is inhibited from withdrawing his claim, the plaintiff in execution may submit to a non-suit.

THIS was a trial of the right of property, originally tried before a justice of the peace of the county of Pickens; the claimant being there unsuccessful, she brought her case into the Circuit Court of that county. An issue was there made up, and the case tried *de novo*. On the trial, the presiding Judge sealed a bill of exceptions, at the instance of the plaintiff in execution.

From the bill of exceptions it appears, that when the cause was called for trial, the death of Wilder. the original plaintiff, was suggested, and Elijah Murray, his administrator, made a plaintiff in his stead; whereupon the plaintiff moved the Court to quash the appeal bond, which motion was overruled, and he excepted.

The plaintiff then called as a witness, A. H. Morgan, who being examined by the defendant, stated that he had no interest in the event of the suit, of which he was aware; that he was the constable who levied the execution on the property in

controversy; that after the trial of the right of property before the justice of the peace, and an appeal to the Circuit Court by the claimant, he had (as constable) upon being indemnified by the plaintiff, sold the property levied on; whereupon, the defendant moved, that Morgan be excluded as a witness, which motion was granted, and the plaintiff excepted.

The plaintiff then proposed to read to the jury, the executions which had been issued by the justice of the peace, and levied on the property in question; to this evidence the defendant objected—her objection was sustained; and thereupon the plaintiff excepted.

The plaintiff offered no further evidence, but proposed to take a non-suit, which being objected to, by the defendant, who insisted on a verdict, the Court overruled the proposition; whereupon the plaintiff excepted.

The jury returned a verdict in favor of the defendant, and judgment being rendered thereon, the plaintiff has sued a writ of error to this Court, and here assigns for error: *First*, the refusal to quash the appeal bond. *Second*, The exclusion of Morgan as a witness for the plaintiff. *Third*, the rejection of the executions as evidence; and *Fourth*, the refusal of the Court to permit the plaintiff to take a nonsuit.

Crabb & Wm. Cochran, for the plaintiff in error.
Ellis & J. L. Martin, for the defendant.

COLLIER, C. J.—It was argued for the plaintiff in error, that the Circuit Court should have dismissed the appeal; because it appears from the condition of the appeal bond, that there were several cases of the trial of the right of property, between the parties, which before the justice of the peace were determined adversely to the claimant, and that an appeal was granted in all the cases upon the execution of one bond.— This argument is not sustained by the record. True, the condition recites that "sundry executions" were levied on the property in question, yet it appears that the claimant appealed but from one judgment. It cannot be intended that the justice directed a consolidation of the cases before him; the most natural inference would seem to be, that but one of the cases had been tried, or if all had been tried, but one had been appealed from.

Whenever the claim of property was interposed, the constable was released from all damages at the suit of the claimant, so that the question, whether he has subjected himself to an action, must depend upon the regularity of his subsequent proceedings; that the constable in the present case has been guilty of a breach of duty, is apparent from the record. When the claimant appealed from the judgment of the justice to the Circuit Court, he was entitled to the possession of the property levied on; but instead of giving it up, the constable sold it, upon receiving a bond of indemnity from the plaintiff in execution.

The consideration of that bond is not such as the law will recognize. It is an indemnity for declining to perform official duty, and acting in direct violation of law. In this view of the question, the execution of the bond can have no influence in determining the competency of the constable as a witness. He must be regarded as a wrong-doer, without indemnity in having sold the property after the appeal.

Morgan and the plaintiff in execution, were then joint trespassers—the one in having sold the property, and the other in having incited to the act of selling. No judgment which might have been rendered in the present case, could be used as evidence against Morgan, in a suit by the claimant against him—he must be charged or excused by other proof. 1 Phil. Ev. 51; 3 Phil. Ev. 817–919; 2 Phil. Ev. 107, C. & H. ed. Such being the relation of the constable to this cause in the Circuit Court, he was a *competent* witness.

In Carlton *et al.* v. King, 1. Stewt. & Porter's Rep. 472, it was held that where a case of the trial of the right of property, is taken by appeal from a justice of the peace to the Circuit or County Court, the execution issued by the justice is admissible evidence, without producing the judgment. This is a conclusive authority to show, that in the case at bar, the executions were improperly excluded.

It is enacted, that "whenever any claim to property shall be made, the same shall not be dismissed, discontinued, or withdrawn, but by the consent of the opposite party." Aik. Dig. 168. The reason why the claimant is inhibited from withdrawing his claim, is this: the plaintiff is entitled to damages not exceeding fifteen *per cent.* on the amount of the execution,

if the jury shall believe the claim was made "for purposes of vexation or delay," and if allowed to withdraw his claim, this right of the plaintiff would be defeated. Aik. Dig. 168. But no such consequence results by the plaintiff's submission to a non-suit; and the statute authorizes him thus to get out of Court, at any time before the jury retire from the bar. Aik. Dig. 283.

The question raised at the argument by the counsel for the defendant, as to the right of the plaintiff to have revived the cause in the Circuit Court, in his name as administrator, does not arise upon the record. The revival, whether regular or not, there took place, without objection from any source.

This disposes of the case as presented, and our opinion is, that the judgment of the Circuit Court must be reversed, and the cause remanded.