## COOPER v. MADDAN.

1. Where sixteen judgments, between the same parties were rendered by a jus-
tice of the peace, and removed by *certiorari* to the county court, it was com-
petent for the court to direct that but one bond should be executed, as the
condition on which the *certiorari* and *supersedeas* should issue.
2. Where several suits are depending between the same parties, on appeal or by
*certiorari* from the judgment of a justice of the peace, the court may, at the
instance of either party, direct a consolidation, unless the party objecting can
show that he will in some way be prejudiced thereby.
3. The admission of a party against whom secondary evidence of the contents of
a written instrument is offered to be given, that the instrument is lost, will be
sufficient to let in the inferior proof.

Error to the County Court of Russell.

This was a proceeding commenced before a justice of the
peace on sixteen notes by the plaintiff, against the defendant in
error, and judgment being obtained by him in all the cases, the
latter removed the causes by *certiorari,* to the county court of
Russell.

In the county court, the plaintiff moved to dismiss the *certiorari*
on the ground that the bond was insufficient, which the court re-
fused—and on the defendant's motion, the cases were consolida-
ted, the plaintiff objecting thereto. The plaintiff then introduced
the justice of the peace, and proved by him, that the notes which
had been sued on, could not be found by him, after diligent search,
and that he had inquired of his two predecessors, the first of
whom had rendered the judgment on the notes, and neither of
them were able to find them, but the court held this insufficient to
authorise the introduction of secondary evidence to prove their
contents. The plaintiff then offered to prove that the defendant
had admitted that the notes were lost, as a ground for the admis-
sion of the secondary proof, but the court rejected it, considering
it insufficient. The plaintiff then offered to prove that the de-
fendant had admitted that he was indebted to the plaintiff in the
sum of five hundred and fifteen dollars, which evidence the court
rejected.

To all which the plaintiff excepted, and now assigns for error,

1. The court erred in refusing to dismiss for want of a sufficient bond, or in not requiring new bonds.

2. In consolidating the cases against the consent of the plaintiff.

3. In refusing to admit secondary evidence of the contents of the notes.

4. In refusing to admit proof of defendant's indebtedness.

HEYDENFELDT, for plaintiff in error—cited 1 Ala. Rep. 77; 2 ib. 58.

ORMOND, J.—We are unable to perceive any objection to the course pursued by the judge of the county court, in requiring but one bond to be given, as the condition on which the *certiorari* and *supersedeas* were to issue. It could subserve no valuable purpose to require sixteen bonds to be executed, when the same defence existed to all the judgments, and the rights of the plaintiffs could be fully secured by one. The *certiorari* should not, therefore, have been dismissed for this cause, and if the bond was defective, the defect should have been pointed out, that it might have been remedied by the execution of a new bond.

In Powell v. Gray, [2 Ala. 77,] we held that a writ of error would not lie upon the refusal of the court to consolidate several cases depending between the same parties, but the question is different where the court has directed a consolidation. In such a case, if injury has resulted to the party objecting to it, it could doubtless be redressed on error. But it is difficult to conceive that any injurious consequences could flow from such an order in this case, nor indeed, how it could be otherwise than beneficial to both parties. It was the duty of the party objecting to the consolidation, to show that it would in some way prejudice him, and in the absence of any such suggestion, we must presume that no such obstacle exists to the exercise of the power.

Where secondary evidence is proposed to be offered of the contents of a written instrument, it must first be shown that it is not in the power of the party to produce it. as that it is lost or mislaid, or in the possession of the opposite party. The evidence of the justice of the peace, that after diligent search, he could not find the notes, was not sufficient, because it does not appear they were ever in his custody, and the narration of what his predecessors in office told him, was mere hearsay, and therefore, incompe-

tent testimony.   But proof that the defendant admitted that the notes were lost, was competent evidence of the fact, and should have been received.   For this error, the judgment must be reversed, and the cause remanded.