## JONES AND ABERNATHY v. WELCH.

1. A writ of *supersedeas*, which embraces two separate executions, and commands the officer to suspend proceedings on each, is not a nullity.

2. Where, in an action of trespass *vi et armis* against J and A, there are any circumstances detailed in evidence, from which the jury might reasonably infer the participation of J in the trespass, it is not error to refuse to charge the jury, that they ought to find the defendant J not guilty.

3. In an action of trespass against an officer, and the plaintiff in an execution, for illegally selling property under it, it is not error to instruct the jury, that they may look to the facts, that the latter was the plaintiff in the execution, and that he had just before the sale, delivered to the officer a blank paper, with his signature thereon, as circumstances, in connection with the other proof, tending to show, that the sale was made under his directions.

Jones and Abernathy v. Welch.

Error to the Circuit Court of Tuscaloosa. Before the Hon. Thomas A. Walker.

THIS was an action of trespass *vi et armis*, instituted by the defendant against the plaintiffs in error. By the bill of exceptions, it appears that two executions in favor of David G. Jones, one of the plaintiffs, against Welch, the defendant in error, issued from a justice's court of Tuscaloosa county, and were levied on the 16th May, 1844, by James Abernathy, the other plaintiff, on certain chattels, as the property of said Welch : that on the 27th May thereafter, said Welch petitioned the judge of the county court of said county for *supersedeas* of said executions, both executions being included in the same petition : that a *supersedeas* was awarded and issued, embracing both executions, and was served on said Abernathy : that Abernathy went to Sullivan, the magistrate that issued the execution, for advice, who instructed him not to sell the property, unless he obtained a bond of indemnity from Jones : that after this, Abernathy informed the magistrate that he had sold the property, and that Jones had given him a bond of indemnity, at the same time producing a sheet of paper, on which was written the names of Jones and another person ; and that the magistrate wrote above the signatures a bond of indemnity. The signatures to the paper were proved also.

The counsel for the plaintiffs in error asked the court to charge the jury :

1. That if they believed the writ of *supersedeas* was a writ superseding two several executions at the same time, it was void, and no trespass was committed in disregarding it.

2. That the defendant Jones, could not be affected by the acts and declarations of his co-defendant, Abernathy, made and done in his absence, without proof that Abernathy was acting under the directions of Jones.

3. That under the evidence in the case, the jury ought to find the defendant Jones not guilty.

The court refused to give the first and third charges asked, but gave the second, with the qualification, that the jury might take the facts, that Jones was the plaintiff in the executions, and that his signature was on the paper presented

by Abernathy, to Sullivan, the magistrate, as circumstances, connected with the other circumstances in the case, tending to show that Abernathy sold the property under Jones's directions. To the qualification of the charge as given, and to the refusal to charge as asked, the plaintiffs in error excepted, and now assign them as error.

P. & J. L. MARTIN, for plaintiffs in error.

PECK, for defendant.

1. There is no error in the refusal of the court to give the two charges asked. As to the first, there is no force in the objection that both the executions were superseded by one writ.

2. And as little in the charge, that the jury should find for the plaintiffs in error. The evidence certainly conduced to prove that the trespass was committed by the authority, or by the advice of Jones, and therefore, the court properly left it to the jury to decide that question.

3. The jury had a perfect right to find a general verdict against both the plaintiffs in error; they were not bound to find especially against each, because they had plead severally.

COLLIER, C. J.—1. The writ of *supersedeas* was not a nullity, because it commanded the constable to suspend proceedings on two executions. The petition prayed the proceedings and judgments upon which each of them were ⁂ounded, to be certified to the county court, that the causes might be there retried. Including both cases in the petition, and applying the *supersedeas* to both of them, was a matter of convenience, which could prejudice no one; for when the proceedings of the justice were returned to the justice, they would be tried as distinct causes, unless they were consolidated by the court. Murray v. Ezzell, 3 Ala. Rep. 148; Powell v. Gray, 2 Ala. Rep. 77; W. & C. Rail Road Co. v. Bingham, 5 Ala. 657; Cooper v. Maddan, 6 Ala. 431.

2. The court very properly refused to charge the jury, that upon the evidence, they should find the defendant, Jones, *not guilty*, and there is no valid objection to the charge, that the jury might consider of the facts, that Jones was the plain-

tiff in the executions, and that one of the signatures to the papers presented by the defendant, Abernathy, to Sullivan, was a circumstance, with the other proof in the cause, tending to show that Abernathy sold the property under Jones's directions. The justice had advised the constable to demand a bond of indemnity from Jones, and it is but a reasonable presumption, that the blank paper subscribed with the name, and in the hand-writing of Jones, with the signature also of another person, was delivered to the constable by the persons whose names were written on it, for some purpose. Whether to be filled up as such a bond, was a question for the consideration of the jury. It does not appear in so many words, that this paper was also sealed, but this may be presumed from the testimony of the justice, that he filled it up as an indemnifying bond; and from the too common practice of thus delivering sealed blanks, over which words are intended to be written.

There is then no error in the ruling of the circuit court, as the jury might from the facts have inferred a notice and positive approval of the sale. The judgment is consequently affirmed.