## DAVIS *vs.* CALHOUN.

1. Three several judgments rendered by a justice of the peace, in cases between different parties, cannot be removed to the Circuit Court by one writ of *certiorari*, sued out by a party who was a defendant in each case.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. NAT. COOK.

THREE judgments were rendered by a justice of the peace, in one of which Wilburn Whittington, for the use of Jesse Calhoun, was plaintiff, and Jeremiah S. Davis was defendant; in another, Jesse Calhoun was plaintiff, and Jeremiah S. Davis and William S. Davis were defendants; and in the third, Jesse Calhoun was plaintiff, and Jeremiah S. Davis was defendant. After the rendition of these judgments, said Jeremiah S. Davis removed the three cases to the Circuit Court by *certiorari*, suing out but one writ, and giving but one bond. In the Circuit Court, said Calhoun moved to dismiss the *certiorari*, for irregularities appearing in the record, and his motion was sustained; and this judgment is now assigned for error.

J. J. WOODWARD, for plaintiff in error.

WHITE & PARSONS, *contra.*

LIGON, J.— The opinion of this court in the case of Mc Clellan v. Allison, 19 Ala. 671, to which we are referred by the counsel of the plaintiff in error, does not affect the present; nor are the radical errors in the proceedings in this case covered by the very liberal decision in the cases of Cooper v. Madden, 6 Ala. 431, and Wetumpka & Coosa R. R. Co. v. Bingham, 5 *ib.* 657. In all those cases, the irregularity complained of was confined to the bond, or the action of the appellate court in making orders in the case. Here, the defect extends to the petition for *certiorari*, and to the writ itself,

Not only are three cases sought to be brought up by one petition, bond and writ, but the parties to the record are not the same in any two of them. Different rights and different interests are involved in each case, and the appellate court could not rightfully have consolidated them, and rendered one judgment as to all. When this is the case, it is fatally irregular to issue but one writ, and take but one bond.— Such was the ruling of the court below, and its judgment is affirmed.