## HOBSON et al. *v.* PORTER.

EVIDENCE OF LOSS OF INSTRUMENT—*what shall be sufficient.*   Evidence tending to prove that an instrument was deposited in a desk to which several persons had access, and which was, for a time, in the possession of one Ashley, and that papers in the desk were examined by a person not named, and that after the lapse of several months, search was made in the desk for the instrument without finding it, is not sufficient to let in secondary evidence of the contents of the instrument.

AUTHORITY OF PARTNER.— *to bind his copartner by deed.*   In an action of covenant broken, against two persons as partners, where the execution of the instrument sued on has been put in issue, proof that the instrument was signed by one partner, is not sufficient against the other without further evidence to show that the party signing had authority to bind his copartner in that manner.

PRACTICE — *instructing jury to find for defendant.*   Where the evidence is not sufficient to support a verdict for the plaintiff, the jury may be instructed to find for defendant.

### *Error to Arapahoe District Court.*

Messrs. BROWNE & MECHLING and Mr. L. B. FRANCE, for plaintiff in error.

Mr. ALFRED SAYRE, for defendant in error.

BELFORD, J.   This was an action of covenant.   The declaration contains two counts.   In the first it is alleged that the plaintiffs Hobson, John, William and Charles, by their firm name of Hobson & Bros., and the defendants,

Andrew J. Gill and Henry M. Porter, by their firm name of A. J. Gill, entered into a certain written agreement, signed with their respective seals, and dated Dec. 26, 1866, and relating to the delivery of and payment of a certain amount of hay. Profert of the instrument is excused by the averment that the defendants have destroyed it. The second count is like the first, except profert is made of the alleged agreement. The pleas of Porter (the only defendant served), and on which issue was taken and trial had, are six in number. Among which are, 1st, *non est factum* verified; 2d, sworn plea denying partnership of Porter and Gill; 3d. Covenant not broken. On the trial the plaintiffs failed to produce the instrument mentioned in the declaration, and of which profert is made in the second count, and after the introduction of some testimony designed to show a loss of the instrument, and also that the defendant Porter had an interest in the subject-matter of the alleged contract, the plaintiff sought to introduce in evidence a paper which was a true copy of the original agreement, except the names and seals. The copyist had omitted these. To the introduction of this paper the defendant objected, assigning several grounds. Among which, were: *First.* The alleged copy is secondary evidence, and no sufficient foundation has been laid for its introduction. *Second.* That no proof that the original had ever been sealed by the defendant Porter, or by any party thereto.

The court sustained the objections and excluded the paper. In determining the correctness or incorrectness of the ruling below, we will consider these propositions. Did the plaintiffs excuse the production of the instrument upon which suit was brought? If they did, was there any evidence that the document offered was a copy of the original agreement? If it was such copy, was there any evidence that the original was the deed of the defendant Porter, or of the alleged firm of A. J. Gill, of which the defendant Porter was charged to be a member. The testimony on the loss of the original is substantially as follows: The witness Rogers testified to having had the original from January,

1864, until April of the same year, when he returned it to H. G. Mills, the agent of the defendant Gill. The witness Mills testifies that he received the paper from Rogers, and left it, with other papers of Gill, in a desk kept by Gill. That in the ensuing fall he made search for it in the place where he had deposited it, but without avail; that Gill was present while the search was being made, and stated that if the document was not among the papers then undergoing examination, it was either lost or stolen, and that Ashley had charge of his papers during his absence ; that Ashley had informed him that some of the papers had been carried away by Porter, and some brought back. This search was made after the desk had been removed from the National Bank to Gill's house. Ashley testified to the occupancy of Gill's house during the summer of 1867, and that papers were kept in a desk. Knows of no one having had an inspection of them but once, but does not say who made the inspection. The key was some time in the possession of Stephen Gill.

It is an elementary rule that evidence of the execution or contents of a written instrument cannot be admitted without the production of the instrument itself, unless it can be shown that it is in the possession of the opposite party, and he refuses to produce it, after regular notice, or that it is lost or destroyed. The evidence of the loss is addressed to the court alone, and it is not a subject on which the jury are to pass. That a particular instrument existed is the most material inquiry; the fact of its existence and the contents of it are matters to be tried by the jury ; the loss of it must be made out to the satisfaction of the court. The law exacts nothing unreasonable in such a case. If parol proof of the loss establishes the fact with reasonable certainty, that is sufficient. No precise rule can be safely laid down upon this subject, further than this, that diligent search and inquiry should be made of those places or persons in whose custody the law presumes the instrument to be, supposing it once to have existed. The evidence elicited in the trial is quite unsatisfactory. From June, when the paper was

deposited, until autumn no search was made, and in the meantime the desk had been moved from one building to another, and no search was made, except as to the contents of the desk. The other papers of Gill were not examined. It appears that Porter and others had been handling the papers contained in that desk. No inquiry appears to have been made of him. *Harts* v. *Woods*, 10 Barr. 471. If the plaintiff had been seeking to introduce secondary evidence, against Gill, under the authority of *Cooper* v. *Maddon*, 6 Ala. 431, I would be inclined to hold that his declaration to Mills, "that if the paper is not in the desk it is lost or stolen." would be tantamount to an admission of loss, and sufficient to warrant the court in admitting secondary proof. If we regard the evidence as sufficient to establish the loss, there is another objection to the admissibility of the paper offered which seems insurmountable. There is nothing in the evidence to show that Gill had authority to bind Porter by such an agreement as that sued on. Conceding that they were partners, and that the agreement offered was sealed, in the absence of some special authority to Gill to execute a sealed instrument, Porter would not be liable on it in this form of action. After the plaintiffs had rested their case the court gave the jury the following instruction, of which the plaintiffs in error complain : "The court instructs the jury that the plaintiffs not having produced to them any evidence to support their action of covenant their verdict must be for the defendant." While, under our peculiar system of practice, a judge is restrained and enjoined from expressing any opinion on the character or weight of evidence, one thing still remains true, that when it is manifest, as it was in this case, that a verdict for the plaintiff could not have been permitted to stand, it cannot be accounted error for the court to direct the jury to find for the defendant. To establish a liability against Porter in this form of action it was necessary to show that the original instrument was a sealed one, and, also, that Gill had authority to bind Porter. The copy attached to the declaration shows that the original was not only signed,

but sealed, and the averments of the declaration go to this extent. The copy sought to be introduced had neither signatures nor seals. Rogers, who made the copy, states that he cannot tell whether the original was a sealed instrument or not. Nor can he tell how it was signed. Mills is equally uncertain. It was incumbent on the plaintiffs to show these facts. The pleas put the sealing in issue. If the loss of the original had been sufficiently established, and no copy existed, it would have been proper for the plaintiffs to have proven the contents of the original by parol evidence. If they had undertaken so to do, it would have been incumbent on them to show, in addition to the contents, that the original was sealed, as alleged in their declaration, and failing in this their case would not have been made out. Nothing of this kind was, however, attempted. They confined themselves to the offer of the paper excluded. The evidence nowhere shows that such an instrument as that described in the declaration ever existed. And the foundation being wanting, every thing else is abortive and vain. We cannot disturb the action of the court below. The judgment must be affirmed.

*Affirmed.*