[No. 5143.]
[No. 2735 C. A.]

STOVELL v. THE ALERT GOLD MINING COMPANY.

1. Appellate Practice—Replevin—Questions not Reviewed.

In an action of replevin brought by a corporation to recover its record books and seal from the secretary, an order of the trial court appointing a custodian of the property pending the litigation will not be reviewed on appeal, for the reason that such order did not determine the rights of the parties.—P. 82.

2. Corporations—Replevin—Right of Action in its Own Name.

Although the secretary of a corporation is made by law the custodian of its records and seal, yet a corporation may in its own name maintain an action against the secretary to recover such property.—P. 82.

3. **Corporations—Replevin against Secretary—Issues.**

In an action of replevin by a corporation for its records and seal, the defendant answered that he was the secretary of the corporation, which allegation was denied by the replication. The plaintiff proved that the property belonged to it, and that its general manager had made a demand for the property, which was refused. No further evidence was introduced by either party. Held, that no question of the right to the office of secretary was presented to the trial court.—P. 83.

4. **Corporations—Officers—Title to Office Incidentally Involved —Parol Evidence.**

In an action of replevin by a corporation, a person may testify, over an objection that the records were the best evidence as to the company's officers, that he was the general manager and made the demand for the property, as, when the title to an office is involved only incidentally, the fact that one is an officer may be proved by one who knows such fact.—P. 84.

5. **Corporations—Officers Acting with Authority—Presumptions.**

The manager of a corporation is presumed to have acted with the authority of the corporation in making demand for the possession of its property.—P. 84.

*Appeal from the District Court of El Paso County. Hon. Louis W. Cunningham, Judge.*

Action by The Alert Gold Mining Company against J. W. D. Stovell. From a judgment for plaintiff, defendant appeals.          *Affirmed.*

Mr. W. K. Brown, for appellant.

Messrs. Gunnell, Chinn & Miller, for appellee.

Mr. Justice Steele delivered the opinion of the court:

Claiming to be the owner and entitled to the immediate possession of certain personal property, consisting principally of its record books and seal, The Alert Gold Mining Company brought suit in replevin for the recovery of the possession of the property, and for damages for the detention of the same, against John D. Stovell, who, it was alleged, wrong-

fully detained it and refused to deliver it upon demand. The answer avers that defendant, Stovell, is the duly qualified and acting secretary of the company, and as such, under the statutes of the state and the by-laws of the company, is the proper custodian of its record books and seal, and that said property was in the possession of the company at the time the suit was instituted. The replication denies that the defendant is, or at the time of the commencement of the suit was, the secretary of the company, and denies that the company was in the possession of the property, through its secretary or otherwise, at the time of the commencement of the suit.

A witness for the plaintiff testified that the property in question was the property of the corporation; that he was a director and the general manager, and had made a demand upon the defendant for the property, and that defendant had declined to deliver it to the company. After motion to strike out all the testimony was denied, plaintiff rested. The defendant offered no testimony.

Judgment was rendered for the return of the property, and the defendant appealed to the court of appeals.

The appellant contends that the court erred in appointing a custodian of the property pending the litigation. We shall not discuss the question raised, for the reason that the order made did not determine the rights of the parties.

It is contended that, as the secretary of the corporation is by law made the custodian of the records and seal, he alone is authorized to bring a suit for the possession thereof. It is entirely probable that the secretary of a corporation could maintain a suit of replevin to recover possession of such of the company's property as he is entitled to the possession of, but as the property of which he is the custodian is

the property of the corporation, we know of no rea-
son why the corporation itself may not maintain
an action to recover its property.  We think there is
nothing in the defendant's contention, and that the
suit was properly brought by the corporation.

It is next contended that the real controversy
was over the office of secretary of the company, and
authorities are cited holding that the right to an
office cannot be tried in an action of replevin.  There
is no such question presented by the record.  It does
not appear from the testimony that any one held the
office of secretary of the corporation.  The defendant
alleged in the answer that he was then, and was at the
time of the bringing of the suit, the secretary of the
company, but this was denied by the replication.  The
plaintiff proved that the property belonged to the
corporation, that delivery thereof had been refused
after demand, and rested.  The defendant did not
cross-examine plaintiff's witnesses, and offered no
testimony; and there was no question of the kind now
raised presented to the trial judge.

It is next contended that the court received in-
competent and secondary evidence.  The court,
over the objection of the defendant, permitted a wit-
ness to testify that he was an officer of the corpora-
tion, and that a demand was made by him for the
delivery of the property.  The objection was that the
records were the best evidence of who the company's
officers were, and that no authority from the board of
directors for making the demand was shown.  The
position of counsel is untenable.  The title to the
office of manager was not in dispute; and the author-
ities are numerous, when the title to an office is in-
volved only incidentally, that parol proof is not ob-
jectionable, and that the fact of the existence of the
corporation, or the fact that one is an officer of the

corporation, may be proved by one who knows the fact. The manager is presumed to have acted with the authority of the corporation in making demand for the possession of its property, and there was nothing shown which overcomes this presumption.

There being no error disclosed by the record, the judgment is affirmed.          *Affirmed.*

Chief Justice Gabbert and Mr. Justice Campbell concur.