No. 25318

**The People of the State of Colorado v. John A. Neal**
(509 P.2d 598)

Decided April 30, 1973.                    Rehearing denied May 21, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, Sara Duncan, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant-appellant John A. Neal was charged and convicted by a jury of the crimes of support by prostitution and rape, violations of C.R.S. 1963, 40-9-11 and 40-2-25.

On appeal, defendant raises two issues: (I) The trial court erred in admitting into evidence Exhibit B, a Xerox copy of the registration card of a local motel; and (II) the trial court erred in denying defendant's motion to suppress evidence of a prior felony conviction.

I.

We do not agree that the admission of the photocopy of defendant's registration card at the motel was erroneous. Independent of, and separate from, the registration card was the testimony of the manager of the motel. In these circumstances, the fact of registration by the defendant was also proved by evidence independent of the copy of the registration card. *See Stovell v. Alert Gold Mining Co.,* 38 Colo. 80, 87 P. 1071.

In addition, there was sufficient evidence to raise the inference that the original record was lost so that "the best evidence" rule did not apply, and the admission of a copy was proper. *Askins v. Easterling,* 141 Colo. 83, 347 P.2d 126; *Empire State Surety Co. v. Lindenmeier,* 54 Colo. 497, 131 P. 437. *See also Hobson v. Porter,* 2 Colo. 28.

## II.

█ Concerning defendant's second contention of error in denying his motion to suppress his prior felony conviction, we reaffirm this court's holding in *Lacey v. People,* 166 Colo. 152, 442 P.2d 402. Therein we stated:

"* * * [W]e are not here concerned with the wisdom of a statute which permits showing the conviction of a person for *any* felony for the limited purpose of affecting the credibility of that person when he testifies as a witness in a criminal proceeding. The General Assembly has resolved the matter. Hence, whether a prior conviction for *any* felony does in logic and fact detract from the credibility of such a convicted person when he subsequently (perhaps years later) takes the witness stand, and whether a jury does in fact limit its use of such testimony to the witness' credibility and whether, if not, its use is an injustice, are, as stated by Judge Learned Hand, 'not open questions for us.' *Pfotzer v. Aqua Systems,* 162 F.2d 779."

█ A defendant who takes the witness stand is subject to the same tests of credibility as any other witness. *See Candelaria v. People,* 177 Colo. 136, 493 P.2d 355, and cases cited therein.

The judgment is affirmed.

MR. JUSTICE ERICKSON concurs in the result.

MR. JUSTICE KELLEY does not participate.