## No. 26109

## The People of the State of Colorado v. John A. Neal
(528 P.2d 220)

Decided November 18, 1974. Rehearing denied November 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, John A. Neal, appeals from an adverse ruling on his motion, filed pursuant to Crim. P. 35(b), to vacate and set aside the judgment of conviction and sentence. We affirm.

Appellant was convicted by a jury of the crimes of support by prostitution (C.R.S. 1963, 40-9-11) and statutory rape (C.R.S. 1963, 40-2-25). The convictions were affirmed by this Court on appeal in *People v. Neal,* 181 Colo. 341, 509 P.2d 598.

During the trial, at the conclusion of the People's case, which consisted of the testimony of the victim, a fifteen-year-old girl, and the testimony of the arresting officer, appellant announced to the court his intention to take the stand to testify in his own behalf, and he moved at that time to suppress from evidence a prior conviction for felony nonsupport, on the grounds that it had no relevance to the issues involved in the present case. The motion was denied and this ruling was affirmed on appeal in *People v. Neal, supra.*

Appellant took the stand and, apparently as a matter of trial strategy, in response to a question by his own counsel on direct examination concerning the prior felony conviction, he admitted that he had been convicted in 1961 of the felony of nonsupport. The district attorney on cross-examination inquired concerning the punishment imposed for that conviction, to which appellant responded he had served a term in the penitentiary.

The jury convicted appellant on both counts and he was thereafter sentenced to serve concurrent terms in the state penitentiary.

As grounds for his 35(b) motion, appellant alleged that the court improperly, over his objection, admitted evidence of his prior felony conviction for impeachment purposes. He contended that his prior conviction was void under *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, in that he was without the representation or assistance of counsel and that he had not waived his constitutional right to counsel, and as a consequence the void conviction could not be used "either to support guilt or enhance punishment for another offense"; that under *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374, the void conviction could not lawfully be used for impeachment purposes; and that the use thereof in the instant case rendered his conviction invalid, requiring reversal of the judgment of conviction.

We note that although *Burgett v. Texas, supra,* had been announced prior to the trial in the present case, *Loper v. Beto, supra,* was decided shortly after appellant's conviction in this case. Appellant's motion to suppress his prior conviction during the trial was based upon a general objection and not upon the due process grounds announced in *Burgett* and *Loper.*

At the 35(b) hearing, undisputed evidence concerning the prior conviction was presented which established that appellant had entered a plea of nolo contendere to the charge of nonsupport; that he was not represented by an attorney in that proceeding; that he had not been advised by the court of his right to be represented by counsel; and that he did not waive the right to be represented by counsel. At the conclusion of the hearing, the judge, who had also presided at appellant's trial, made the following finding:

"I remember this case very well and I feel that if there was any error, it was harmless error. The evidence of guilt of the defendant was overwhelming. * * *"

The court thereupon denied appellant's motion for relief.

Appellant and appellee do not disagree that under *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733; *Burgett v. Texas, supra;* and *Loper v. Beto, supra,* the use in evidence for impeachment purposes of a prior conviction, void for want of counsel, constitutes error. It is not material that at the time of the use of such evidence the matter of absence of counsel was not brought to the attention of the trial court, as was the case here. Although the specific ruling in *Loper v. Beto, supra,* had not yet been announced, it was specifically made retroactive by the Supreme Court.

■ The sole question, then, for our determination here is whether the error, which is of constitutional proportions, requires reversal under the facts in this case. As we view the Supreme Court pronouncements in *Burgett v. Texas, supra,* and *Loper v. Beto, supra,* the error implicit in the use of void prior convictions for impeachment purposes need not necessarily require reversal, particularly where the error is found to be harmless beyond a reasonable doubt under the doctrine of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, 24 A.L.R.3d 1065. *See* concurring opinion of Mr. Justice White in *Loper v. Beto,*

*supra. See also United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; *Subilosky v. Moore,* 443 F.2d 334 (1st Cir. 1971); *Gilday v. Scafati,* 428 F.2d 1027 (1st Cir. 1970), *cert. denied,* 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 186; *United States v. Faulkenbery,* 472 F.2d 879 (9th Cir. 1972); *Howard v. Craven,* 446 F.2d 586 (9th Cir. 1971).

 Here, the court, at the conclusion of the 35(b) hearing, found the error to be harmless. Having reviewed the record of the trial, we find substantial evidence in the record from which the jury might rationally infer the guilt of the appellant, over and above the testimony of the victim alone. We refer to the testimony of the arresting police officer who, prior to taking appellant into custody, observed appellant and the victim, almost completely disrobed, lying in a bed at appellant's premises. We do not regard the state of the evidence here as suggesting merely a simple credibility contest between the accused and his victim, as apparently was the case in *Loper v. Beto, supra,* where the evidence of the prior convictions might very well have discredited the testimony of the accused and resulted in a guilty verdict. In view of the state of the evidence here, we cannot disagree with the trial court's evaluation that the error was harmless.

The judgment is affirmed.

MR. JUSTICE ERICKSON dissents.