Earl Woodrow **PETERSON**, Appellant,

v.

**Harry C. TINSLEY**, Warden, Colorado State Penitentiary, Appellee.

No. 7564.

United States Court of Appeals
Tenth Circuit.

May 4, 1964.

———————

Gertrude A. Score, Denver, Colo., for appellant.

John P. Moore, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

The appellant, who is confined in the Colorado State Penitentiary, filed a petition for writ of habeas corpus with the United States District Court for the District of Colorado. The petition was denied, and this appeal has been taken.

The appellant was charged by the state with breaking and entering a building without force with intent to commit a burglary. He was tried by a jury, convicted, and sentenced to the Colorado State Penitentiary. The case was appealed to the Colorado Supreme Court and affirmed. On such appeal, the court limited the appellant to errors raised on his motion for a new trial.

In addition to arguments relating to the weight of the evidence and credibility of witnesses, the appellant urges that the trial court permitted evidence to be introduced concerning previous burglaries by unknown persons of the same building without at the same time giving the jury a cautionary instruction. These incidents were not attributed to or connected with appellant. The United States District Court denied appellant's petition on the ground that no federal questions were raised, and that issues concerning such admission of evidence without more could not be raised in a habeas corpus proceeding. The appellant argues that in Colorado, where the conviction was had, there is a rule laid down in Stull v. People, 140 Colo. 278, 344 P.2d 455, which requires that a cautionary instruction be given under the circumstances present in this case. The State Supreme Court on direct appeal refused to consider the application of this rule on the ground that it had not been properly raised, and appellant had not otherwise than by his petition sought to raise the issue. However we have held upon several occasions that the writ of error or appeal is a proper method to raise errors in procedure or in the admission of evidence, and habeas corpus cannot be used as a substitute therefor. Odell v. Hudspeth, 189 F.2d 300 (10th Cir.); Wallace v. Hunter, 149 F.2d 59 (10th Cir.); Ellis v. Raines, 294 F.2d

414 (10th Cir.), and Bizup v. Tinsley, 316 F.2d 284 (10th Cir.). Furthermore appellant has not shown whereby his claimed error in the admission of the evidence without a cautionary instruction raises a question under the Constitution of the United States, and no other grounds are shown where the trial court was in error in dismissing his petition.

Affirmed.