## No. 24995.

THE PEOPLE OF THE STATE OF COLORADO *v.*
JACK GREGORY ANDREWS.
(484 P.2d 1207)

Decided February 16, 1971.

Robert L. Russel, District Attorney, Fourth Judicial District, Peter M. Susemihl, Deputy, Elvin L. Gentry, Deputy, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, Kevin R. O'Reilly, Deputy, for defendant-appellant.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This is an interlocutory appeal from the district court of El Paso County where a motion to suppress evidence was denied.

The record discloses that on October 8, 1968, officers of the New Mexico State Police were conducting a roadblock north of Truth or Consequences, New Mexico. All vehicles, both north and southbound, were being stopped in order to check "safety equipment, brakes, license [plates], drivers licenses."

When the automobile driven by the appellant Andrews was stopped at the roadblock, he produced a driver's

license issued in Illinois, although the car license plates were issued in Missouri; he was unable to produce proof of ownership of the vehicle; he could not remember the middle name of his driver's license; the radio was conspicuously missing from the dash; there was damage to the front of the vehicle; and a liquor bottle was in view in a paper bag in the back seat. These observations prompted the officer to request Andrews to pull over to the side of the road. There appellant voluntarily opened the trunk of the car. A check of the vehicle identification number disclosed it corresponded to one listed for a vehicle which had been reported stolen. At this point, the defendant was arrested, advised of his constitutional rights, and was searched. On his person were American Express money orders, the serial numbers of which corresponded to those of money orders taken in a robbery of a Colorado Springs store.

Following the issuance of a search warrant, the vehicle was also searched, with additional evidence seized including a check writer and firearms. *Cf. Chambers v. Maroney,* 399 U.S. 43, 90 S.Ct. 1975, 26 L.Ed.2d 419. The defendant was returned to Colorado and charged with robbery in the El Paso County district court.

The defendant contends that the stopping of his car at the roadblock was illegal, and therefore the articles seized during the subsequent search of his person and the car are inadmissible as evidence. Another argument advanced is so frivolous as to deserve no comment.

■ Following the evidentiary hearing the trial court denied the motion to suppress, ruling that the stopping of the vehicle was legal, and that the articles were properly seized. We hold the trial court ruled correctly.

On the allegation concerning the "roadblock" defendant argues that there was interference with his freedom of movement without probable cause to believe that a crime had in fact been committed and that his later arrest after the stopping was illegal. The defendant relies on *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602,

16 L.Ed.2d 694, for the proposition that an arrest occurs when an individual is "deprived of his freedom of action in any significant way." *Miranda* is not in point. The thrust of *Miranda* is directed to the issue of "police custody" and "custodial interrogation" and not to what constitutes an arrest. The stopping of vehicles for traffic or general investigation has been specifically held to be non-custodial in nature. *See Lowe v. United States*, 407 P.2d 1391; *Jennings v. United States*, 391 F.2d 512.

The question of whether a roadblock set up for the limited purpose of traffic checks of operators licenses and other related matters constitutes an unlawful stopping or arrest is new to this jurisdiction, although not to others. It has been consistently held, in those jurisdictions where the issue has arisen, that traffic enforcement officers may stop motorists for rountine checks, and such stopping does not amount to an arrest or unlawful stopping. *See McCarthy v. United States*, 264 F.2d 473; *Smith v. United States*, 264 F.2d 469; *United States v. Bonanno*, 180 F. Supp. 71; *Miami v. Aronovitz*, 114 S.2d 784 (Fla.); *Commonwealth v. Mitchell*, 355 S.W.2d 686 (Ky.).

The specific application of holdings such as these to roadblocks set up to check all passing vehicles was made in a leading case:

"Even more important, operators who have been proven to be negligent, incompetent, and a public hazard would be in a position to continue operating motor vehicles without fear of apprehension or restraint in the absence of some reasonable inspection system. Consequently, it is very much in the public interest that law enforcement officers be permitted to make periodic check-ups on the driving license qualifications of those who operate motor vehicles on the highways. The toll of traffic deaths proclaims the demanding necessity for the exercise of every lawful requirement to compel careful driving. * * *" *Miami v. Aronovitz, supra.*

The protection of the public interest dictates that law enforcement officers be permitted to make periodic

checks of the qualifications of drivers, and the safety of motor vehicles. "The inconveniences * * * is not unreasonable when viewed in light of the necessity to protect the general public * * *." *State v. Kabayama,* 94 N.J. Super 78, 226 A.2d 760.

Citing *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, and *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, the defendant contends that a roadblock may not be established for the purpose of stopping motor vehicles so that they may be searched. These cases are not in point. First, we are not here dealing, at the time of the stopping, with the question of a search of either the defendant or the vehicle; and second, this was not the type of roadblock (checking licenses) used merely as a ruse or a guise to conduct a search of the vehicle. *See Taglavore v. United States,* 291 F.2d 262.

█ We note the power to intercept an automobile and check a driver's license does not *a priori* convey the power to search the vehicle. *Brinegar, Carroll, supra.*

█ After the initial lawful stop, however, there was a logical progression from the initial request by the officer for the defendant's driver's license to the conclusion by the officer that the vehicle was either itself evidence of a crime, or an instrumentality of a crime. The officer at no time exceeded his authority, and we hold that upon learning that the automobile had been reported stolen, the officer had probable cause to arrest the driver.

"Probable cause exists where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in his belief that' an offense has been or is being committed." *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, quoting from *Carroll v. United States, supra. See People v. Lujan,* 173

Colo. 77, 475 P.2d 700; *People v. Collman*, 172 Colo. 238, 471 P.2d 421.

In the instant case the defendant was properly advised of his rights at the time the investigation ceased to be a general inquiry and instead focused upon the defendant as a suspect to an unsolved crime. *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

The ruling is affirmed.