No. 25054.

THE PEOPLE OF THE STATE OF COLORADO *v.* WILLIAM NANES
AND MICHAEL D. SANCHEZ.
(483 P.2d 958)

Decided April 19, 1971.

STANLEY F. JOHNSON, District Attorney, ROBERT M. JENKINS, Chief Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, WILLIAM R. GRAY, Deputy, for defendant-appellant William Nanes.

WILLIAMS, TRINE & GREENSTEIN, P.C., WILLIAM D. NEIGHBORS, for defendant-appellant Michael D. Sanchez.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal from an order denying the motions of defendants, William Nanes and Michael D. Sanchez, to suppress evidence.

Defendants were charged in the district court of Boulder County with aggravated robbery in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-1, and with first degree burglary in violation of 1965 Perm. Supp., C.R.S. 1963, 40-3-5. The items of evidence sought to be suppressed were the instruments and fruits of the alleged robbery and burglary.

The events out of which these charges arose occurred on September 9, 1970. At approximately 9:40 p.m. three men entered a liquor store in Boulder and at gunpoint the clerk was forced to sit on the floor while one of the men emptied the contents of the cash register into a white turkish towel. The third man acted as a lookout. After the robbers fled, the clerk immediately notified the police. During the course of their investigation, the police were advised that the gunman was a dark-complexioned Caucasian or a Spanish American male

(later identified as defendant Sanchez) and the one who opened the cash register and took the money was a light colored male Negro with an "Afro" styled haircut (later identified as defendant Nanes). The third person was described only as a white male. The investigation further revealed that the robbers fled the scene in a U-Haul Econoline van truck.

At approximately 10:05 p.m. a motorist in Golden flagged down a Golden police officer, Marvin Gregory, and advised him that he had heard a radio broadcast concerning a robbery in Boulder; that a U-Haul van was involved; that while he was proceeding from Boulder to Golden a U-Haul van passed him at a high rate of speed heading toward Golden; and that he followed the van into Golden where he observed it proceeding south on Highway 6 toward Denver. Officer Gregory, who had not then received any official report of the robbery, pursued and overtook the van, stopping it on the pretext of checking a broken mirror. He observed that the driver was a Negro man with an "Afro" styled haircut and that the passenger in the right front was a Spanish American man. He also noticed a third person behind the seat in the truck portion of the van, although he was not able to describe him. When the driver could not produce his license, Officer Gregory obtained his name, address and birthdate. The driver identified himself as William Nanes.

The van was permitted to proceed toward Denver. Officer Gregory followed in his patrol car and radioed his dispatcher for information concerning the reported Boulder robbery. He was then informed that a robbery in fact had taken place and he was given the details of the robbery: that one of the participants was a Spanish American male and one was a Negro man with an "Afro" styled haircut, and that the vehicle which was used was a U-Haul Econoline van. Gregory then radioed for additional police assistance. The van was stopped in the vicinity of the Valley Highway and Speer Boulevard.

Defendants were then arrested. They were searched, as was the van, and the items of evidence were seizd.

Defendants contend the trial court erred in denying their motions to suppress the evidence. They argue that inasmuch as the search and seizure was made without the authority of a warrant, the State had the burden of proving probable cause which would justify the warrantless arrest and warrantless search and seizure made incidental to such arrest; and that the State failed to sustain its burden. We agree that the burden of proving probable cause in justification of a warrantless arrest and search is upon the State. *People v. Valdez,* 173 Colo. 410, 480 P.2d 574. We hold, however, that under the facts as shown by the record before us the trial court was correct in finding that the State had established probable cause which justified the warrantless arrests and searches in this case. We therefore affirm the ruling.

We are guided in this determination by the fundamental principles set forth in *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236, considered and reaffirmed in *Gallegos v. People,* 157 Colo. 173, 401 P.2d 613; *Lavato v. People,* 159 Colo. 223, 411 P.2d 328; *Lucero v. People,* 165 Colo. 315, 438 P.2d 693; *Martinez v. People,* 168 Colo. 314, 451 P.2d 293; *Falgout v. People,* 170 Colo. 32, 459 P.2d 572; *People v. Collman,* 172 Colo. 238, 471 P.2d 421; *People v. Martinez,* 173 Colo. 17, 475 P.2d 340; *People v. Lujan,* 173 Colo. 77, 475 P.2d 700; and *People v. Andrews,* 173 Colo. 510, 484 P.2d 1207.

Our statute, C.R.S. 1963, 39-2-20, permits warrantless arrests by an officer when a criminal offense has in fact been committed and the officer has reasonable grounds for believing the person to be arrested has committed the offense. The terms "reasonable grounds" and "probable cause" are substantially the equivalent, and probable cause is held to exist where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient to cause a reasonably cautious police officer to believe

that an offense has been committed. *Gonzales v. People, supra.* The reasonably trustworthy information may be based upon hearsay and need not be evidence sufficiently competent for admission at the guilt finding process. *Lucero v. People, supra.* Additionally, the information relied upon must be more than rumor or suspicion; however, it need not be of that quality and quantity necessary to satisfy beyond a reasonable doubt. *Falgout v. People, supra.* It is sufficient if it warrants a reasonably cautious and prudent police officer in believing, in light of his training and experience, that an offense has been committed and that the person arrested probably committed it. *People v. Collman, supra.* Measured by the foregoing principles, we are of the opinion that the trial court's finding of probable cause is supported by the record.

Defendants particularly argue that there was no evidence in the record to show who initially informed the police that a U-Haul van was involved in the criminal transaction; that without knowing this there was no basis for establishing the reliability of the informant or the trustworthiness of the information; and that therefore there was no basis for a finding of probable cause, citing *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637, and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. It is true that the victim of the crime did not specifically mention in his testimony that the van was used. Nor did the investigating officer specifically testify from whom the information concerning the getaway vehicle was received. Presumably, the victim was the informant as to this detail, as he did give the officers a general statement of the details of the robbery, and it may reasonably be inferred that a description of the vehicle was one of those details, although the record is silent in this particular. The evidentiary inquiry relating to the statement given by the victim centered on the description of the alleged robbers rather than how they fled from the robbery scene. We consider this argument to be without merit in view of the other

300

significant details concerning the robbery to which specific inquiry was made at the hearing. These details of the underlying facts and circumstances of the crime, given to the investigating officers by the victim of the crime, could be relied upon by the officers and furnished the basis for their conclusion that a crime had been committed and that certain described persons probably committed it.

██ When Officer Gregory was initially alerted by the citizen informant concerning the Boulder robbery and the speeding van, he had a lawful right to stop it and make a threshold investigation, as he did. *People v. Gurule*, 172 Colo. 159, 471 P.2d 413; *Martinez v. People*, 169 Colo. 366, 456 P.2d 275. Those facts and circumstances known to him after the citizen's "tip" and his threshold investigation, however, certainly did not measure up to probable cause which would then have justified an arrest, inasmuch as the basic fact — that of the crime — was a mere rumor from a citizen informant whose reliability was not known. Thereafter, upon inquiry of the police dispatcher concerning whether a robbery had in fact occurred, upon being informed such was indeed the case, Officer Gregory could then reasonably conclude that probable cause existed to stop the van and arrest the occupants, as he had the right to rely upon the information relayed to him by his fellow law enforcement officers. *Whiteley v. Warden, Wyoming State Penitentiary*, 39 U.S.L.W. 4339 (U.S. March 29, 1971), 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306; *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; and *People v. Leahy*, 173 Colo. 339, 484 P.2d 778, announced December 28, 1970. In *People v. Smith*, 297 N.Y.S.2d 225, the rule is stated as follows:

"* * * It is not necessary for the arresting officer to know of the reliability of the informer or to be himself, in possession of information sufficient to constitute probable cause, provided he acts upon the direction or as a result of communication with a brother officer or that of another

police department and provided the police as a whole are in possession of information sufficient to constitute probable cause to make the arrest (People v. Horowitz, 21 N.Y.2d 55, 60, 286 N.Y.S.2d 473, 476, 233 N.E.2d 453, 455)."

In the instant case the Boulder police, as has heretofore been pointed out, were in possession of information sufficient to constitute probable cause to make the arrest.

Since there was probable cause to make the warrantless arrests, the contemporary warrantless searches of the defendants and the U-Haul van were lawful. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *People v. Mojo*, 173 Colo. 422, 480 P.2d 571; *People v. Clark*, 173 Colo. 129 476 P.2d 564.

The ruling is affirmed.