No. 25118.

THE PEOPLE OF THE STATE OF COLORADO *v.*
FRED ALAN MYERS.
(485 P.2d 877)

Decided June 14, 1971.

JARVIS W. SECCOMBE, District Attorney, COLEMAN M.
CONNOLLY, Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-

FARLANE, Chief Deputy, TRUMAN E. COLES, Assistant, DAVID A. FOGEL, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal by a defendant charged with burglary from an order denying the defendant's motion to suppress. The district attorney has confessed error and we reverse, although for a reason somewhat different from that given by the district attorney.

█ The articles involved were found in the defendant's residence during execution of a search warrant. The affidavit upon which the warrant was predicated contained the following statement:

"Mr. Bowland [whose premises were burglarized] also related to this detective that a 67 Pontiac Tempest, which he stated was stolen from his shop at the time of the burglary, was recovered in Deer Creek Canyon, Jefferson County and he had received word from the Sheriff's office at Jefferson that three parties were observed running from the stolen vehicle and leaving in a red El Camino."

This statement constituted a necessary link in the chain of probable cause. There is no explanation as to how the Jefferson County sheriff's office obtained the information, nor did the affidavit set forth who made the observation or whether the information was obtained from an eye witness or from a person who received the information indirectly. Consequently, the affidavit does not meet the test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509. 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The ruling is reversed and the cause remanded with directions that the motion to suppress be granted.

MR. JUSTICE KELLEY dissenting.