No. 24888

**The People of the State of Colorado v. George D. Duncan**
(500 P.2d 137)

Decided August 8, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kanneth J. Russell, Deputy, Benjamin Andrews, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, George Dalton Duncan, seeks reversal of his conviction of aggravated robbery. We affirm.

This cause was heretofore before this Court for review. *People v. Duncan,* 176 Colo. 427, 498 P.2d 941. The facts of the crime are therein summarized and we do not repeat them.

We remanded the cause to the trial court on confession of error by the People in connection with the trial court's failure to make specific findings of fact concerning its denial of appellant's motion to suppress evidence. Pursuant to directions of this Court, the trial court did conduct a further extensive evidentiary hearing on the issue of probable cause in justification of the warrantless arrest of appellant and his confederate in the state of Kansas, and the seizure at that time of the items of evidence sought to be suppressed. The record of evidence and detailed and comprehensive findings of fact supporting the trial court's denial of the motion to suppress have now been certified to us.

I.

Critical to the determination is whether the Kansas officers could rely upon the all points bulletin on the basis of the fellow-officer rule and lawfully make the warrantless arrest of the appellant. Correlated to the foregoing is the question of whether the Denver police officers who broadcast the "APB" were in possession of sufficient trustworthy underlying facts and circumstances of the robbery to support a conclusion of probable cause which would justify the warrantless arrest and

the seizure of the evidence by the Kansas officers. *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S. Ct. 1031, 28 L.Ed.2d 306; *People v. Myers,* 175 Colo. 109, 485 P.2d 877; *People v. Ware,* 174 Colo. 419, 484 P.2d 103; *People v. Nanes,* 174 Colo. 294, 483 P.2d 958.

The record shows that an immediate intensive investigation was commenced by the Denver police officers. Eyewitnesses to the robbery were interviewed. A description of the robbers was obtained. The escape vehicle was described as a red and black MG convertible. Further investigation led to the owner of the sports car, who advised the officers he had loaned it to two men, one of whom was killed during the holdup, and the other of whom was known as "Butch" from Kansas City. The latter fit the description of the appellant. With this information the officers concluded that a robbery had in fact been committed and that the robbers were probably headed for Kansas City, Missouri, in the red and black MG convertible, bearing Colorado license No. AX 979. The "APB" was sent out accordingly, resulting in appellant's arrest and seizure of the questioned evidence.

Under these salient facts, probable cause existed for the Denver officers to arrest the fleeing robbers without a warrant, were they able to do so. It follows that the Kansas officers could also do so, relying on the information relayed to them via the "APB" by their fellow officers in Colorado. *Cf. People v. Leahy,* 173 Colo. 339, 484 P.2d 778. We affirm the trial court's order denying the motion to suppress the items of evidence seized during the warrantless arrest.

Appellant claims that the trial court had no authority to take evidence at the remand hearing in addition to that received at the original suppression hearing. By our directions, the trial court conducted the additional hearing it deemed necessary. The existence of probable cause was the critical issue. If it was necessary for the trial judge to hold an additional evidentiary hearing in order to arrive at the truth concerning this issue, it was within his discretion to do so. *People v. Jenkins,* 174 Colo. 26, 481 P.2d 714. We find nothing in the authorities cited by appellant that prohibits

the procedure here adopted. Had we reversed the case and ordered a new trial, the additional evidence here complained of would have been admissible on the same issue.

## II.

■ Appellant further contends that reversal should be granted for the reason that the trial court failed to rule that the in-court identifications by two prosecution witnesses were not tainted by lineup procedures. During the trial, an *in camera* hearing was held concerning two lineups at which two bank employees were present. At the conclusion of the *in camera* evidence, the trial court ruled against appellant, stating: "He [the identification witness] has testified that he is making his identification based upon the information that he had at the premises [bank] * * *." In our view this is a sufficient finding that the witness' proffered in-court identification had a source independent from the lineup — observation of the unmasked robber from a close distance for approximately one and one-half to two minutes. The testimony of the other identification witness, a bank teller, indicated that she also was able to observe appellant for approximately two minutes, face to face, as he pointed a gun at her and emptied the cash drawers. The trial court's ruling was the same as with the first identification witness.

■ Assuming the absence of counsel at the lineup, the record does not demonstrate any unfair suggestiveness that might have led to irreparable in-court misidentification, such as is contended in *United States v. Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L.Ed.2d 1149, or in *Gilbert v. California,* 388 U.S. 263, 87 S. Ct. 1951, 18 L.Ed.2d 1178. Here, the record supports an informed judgment that the in-court identifications had an independent source, separate and apart from the lineup. *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804. We find no prejudicial error in this regard.

## III.

■ Appellant's final contention concerns alleged error relating to denial of discovery of witnesses' statements in the possession of the Federal Bureau of Investigation. During the trial, examination of certain witnesses revealed they had

given statements to agents of the FBI during its investigation of the bank robbery. Appellant's counsel requested a subpoena duces tecum directing the local agent in charge of the Denver office, Scott Werner, to produce any such statements for appellant's use. After hearing, the subpoena duces tecum was quashed, to which error is assigned.

The record shows that under federal regulations, 28 C.F.R. 16, supplementing 5 U.S.C. 552, statements such as were here sought could not be released without the permission of the attorney general of the United States. The time involved in processing a release of the statements, assuming consent was obtained from the attorney general, would be approximately two to three months. Defense counsel had been appointed to represent appellant approximately eight months prior to the trial. He was aware of the FBI investigation of the robbery. However, he made no effort to obtain the statements prior to trial, other than to make demand upon the district attorney, who did not have the statements. To have granted appellant's request would have required an extended recess of the jury trial, or a declaration of mistrial. Under these circumstances, there having been no timely discovery by appellant, we find no abuse of discretion in the court's order quashing the subpoena duces tecum.

The judgment is affirmed.

MR. JUSTICE ERICKSON not participating.