No. 25770

**The People of the State of Colorado v.
Lloyd Earl Hubbard**
(519 P.2d 951)

Decided March 4, 1974.                    Rehearing denied March 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Harold A. Haddon, Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Lloyd Hubbard was convicted by a jury of both aggravated robbery (1967 Perm. Supp., C.R.S. 1963, 40-5-1) and

conspiracy to commit robbery (C.R.S. 1963, 40-7-35) of a Denver liquor store. Hubbard now seeks a reversal of those convictions on the grounds that the arresting officer did not have probable cause to make an arrest. Hubbard contends that the trial court erred in finding that probable cause existed and failing to suppress certain evidence seized subsequent to the arrest. As a second ground for reversal, Hubbard contends that the trial court erred in ruling that evidence of a 1962 robbery conviction could be used to impeach his testimony if he chose to testify during his trial. *See People v. Hubbard,* 184 Colo. 243, 519 P.2d 945. We affirm.

About 8:45 p.m. on the evening of February 3, 1972, a Denver liquor store was robbed by two armed men who fled in an automobile from the scene of the robbery. An eyewitness to the robbery reported a description of the automobile, its license number, and a description of the two robbers to the police. The getaway automobile was later located parked on a Denver street and a stake-out was set up by Officer Flos at 3:00 a.m. Officer Flos had been informed by fellow officers that the staked-out automobile had been used in a robbery the previous evening and was given the eyewitnesses' description of the two robbers. Shortly after 8:30 a.m. that morning, Hubbard and another man entered the car and drove away. Officer Flos followed the automobile in his patrol car for a few blocks and then stopped the Hubbard car and took the defendant into custody. Evidence introduced at the subsequent suppression hearing established that the identification of the car, its license number, and the description of the persons who robbed the store had been obtained from the store employees and a person who was near the liquor store at the time of the robbery.

The facts in this case which are relied upon to establish probable cause are strikingly similar to those in *People v. Nanes,* 174 Colo. 294, 483 P.2d 958 (1971). In *Nanes,* eyewitnesses to a robbery gave a description of the getaway vehicle and the persons who were involved in the robbery to police. The police broadcast the description to

local patrol units, and based upon that information, a patrolling officer spotted the getaway vehicle and arrested its occupants. Under those facts, this court ruled that the arresting officer could ". . . reasonably conclude that probable cause existed to stop the van and arrest the occupants, as he had a right to rely upon the information relayed to him by his fellow law enforcement officers . . . ." In referring to what has become known as the fellow-officer rule, the court said, in the *Nanes* case:

"It is not necessary for the arresting officer to know of the reliability of the informer or to be, himself, in possession of information sufficient to constitute probable cause, provided he acts upon the direction or as a result of communication with a brother officer . . . and provided that the police as a whole are in possession of information sufficient to constitute probable cause . . . ."

*See People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973); *People v. Duncan,* 179 Colo. 253, 500 P.2d 137 (1972); *People v. Hankin,* 179 Colo. 70, 498 P.2d 1116 (1972).

Neither the fellow-officer rule nor the validity of an exchange of information between police officers, however, can justify an otherwise illegal arrest. The ultimate focus of an inquiry into the validity of an arrest based upon an informant's disclosure must be centered upon the reliability of the information provided by the informant. Unless the information is derived from an inherently reliable source, it may not provide the basis for a valid arrest. *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Thus, when a tip is received from a confidential informant, there must also be information supplied which establishes the credibility of the informant or indicates that the information was reliable. *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971); *Spinelli v. United States, supra; Aguilar v. Texas, supra.* However, when the source of the information is a citizen-informant who was an eyewitness to the crime and is identified, the information is presumed to be reliable, and the prosecution is not

required to establish either the credibility of the informant or the reliability of his information. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971). *See Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971) (credibility and reliability of informant's information must be established by the state where informant's identity is not disclosed); *People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971).

In this case, eyewitnesses to the crime, all of whom were identified, supplied the information which led to the defendant's arrest. The presumption that the information supplied is reliable, coupled with the actual facts which the eyewitnesses related to the police, were sufficient to support the belief by a man of reasonable caution and prudence that Hubbard was one of the two men who robbed the liquor store. Under the circumstances here, the information provided by the citizen-informant, buttressed by the fellow-officer rule, provided the arresting police officer the requisite probable cause to justify the custodial arrest and seizure of incriminating evidence as an incident of that arrest. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *People v. Nanes, supra. See United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).

As a second ground for reversal, Hubbard contends that the trial judge abused his discretion in ruling that Hubbard's 1962 robbery conviction could be used to impeach the defendant's testimony if he chose to testify. At the time the trial judge ruled on Hubbard's motion to suppress, the prior conviction had withstood five post-conviction challenges. *See People v. Hubbard, supra.* C.R.S. 1963, 154-1-1, which authorizes the use of prior convictions to impeach a defendant's testimony at trial, provides, in part:

"[T]he conviction of any person for any felony may be shown for the purpose of affecting the credibility of such witness . . . ."

Hubbard argues that this quoted portion of C.R.S. 1963,

154-1-1, empowers the trial judge to exercise his discretion in ruling on a motion to suppress prior felony convictions. *See Gordon v. United States,* 383 F.2d 936 (D.C. Cir. 1967); *Luck v. United States,* 348 F.2d 763 (D.C. Cir. 1965). The decisions of this court interpreting the statute, however, have not granted the trial judge discretion to foreclose the use of prior felony convictions to impeach a defendant's testimony. *People v. Neal,* 181 Colo. 341, 509 P.2d 598 (1973); *Boland v. People,* 136 Colo. 57, 314 P.2d 685 (1957).

Accordingly, we affirm.

MR. JUSTICE KELLEY does not participate.