**Lloyd Earl HUBBARD, Petitioner,**

v.

**Alex WILSON, Warden, Colorado State Penitentiary, Respondent.**

**Civ. A. No. 75–F–361.**

United States District Court, D. Colorado.

Sept. 16, 1975.

Lloyd Earl Hubbard, pro se.

J. D. MacFarlane, Atty. Gen., James S. Russell, Asst. Atty. Gen., Denver, Colo., for defendant.

### MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, District Judge.

In this habeas corpus action petitioner seeks to void his present thirty to forty year state imprisonment on the grounds that he is being held in penal custody unlawfully and in violation of the United States Constitution.

## I.

Following a jury trial in 1972, petitioner was convicted in the District Court of Denver of aggravated robbery and conspiracy to commit robbery. Petitioner was sentenced to concurrent thirty to forty year sentences for robbery and concurrent one to ten year sentences for conspiracy. The Colorado Supreme Court affirmed the conviction. *People v. Hubbard*, 519 P.2d 945, 951 (Colo.1974). The instant petition under consideration was filed on April 7, 1975.

As a basis of this action petitioner contends (a) that the Colorado state trial judge erred in denying his motion to suppress statements and evidence and (b) the state judge erred in refusing to grant petitioner's motion to suppress a prior 1962 felony conviction for the offense of aggravated robbery.

We find no merit in either contention.

We have reviewed the (a) Petition, (b) Answer and Return to Show Cause Order filed by Respondent and (c) Petitioner's Traverse to Respondent's "Answer and Return to Show Cause Order". In addition we have studied the Supreme Court record of the proceedings giving rise to petitioner's present incarceration. After analysis of these materials, we are of the opinion that the petition is devoid of facts or arguments lending support for petitioner's contentions.[1]

## II.

Concisely stated, on the evening in question (8:34 p. m.), a Denver liquor store was robbed by two armed men who fled in an automobile. An eyewitness to the robbery as well as the store employees described the automobile, its license number, and its occupant to a police officer. The automobile was later located on a Denver street and surveillance was established by Denver police officers (3:00 a. m.). Later the next morning (8:30 a. m.), a police officer saw petitioner and another man enter the vehicle and drive away. After following the vehicle for several blocks, the officer stopped it and took petitioner into custody. Previous to the arrest, the arresting officer had received information from other officers that the vehicle had been used in the robbery of a liquor store, and he had also been given an eyewitness description of the two alleged robbers.

In a situation where a mobile vehicle is involved, if there is probable cause to justify the search of the vehicle, a warrant is generally not required. The immediacy of the situation involving (a) a mobile vehicle, (b) the fact of an armed robbery that occurred only hours before, (c) the exchange of information between officers about the robbery, and (d) eyewitness identification of the vehicle and its license number and identification of suspects supports probable cause for the officer's belief that material obtained as a result of robbery was concealed in the vehicle. Here the search was not based on suspicion but more on identified facts. The apprehension of petitioner and search of the vehicle was justified without a search warrant. Underscoring this observation was the necessity of expeditious apprehension of the alleged suspects when they entered the vehicle in question.

Strong factors of probable cause, immediacy, and "exigent circumstances" validated the custodial arrest of petitioner and seizure of incriminating evidence as an incident of this arrest. *Chambers v. Maroney*, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970); *People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (Colo. 1971); *People v. Woods*, 485 P.2d 491 (Colo. 1971). *See also* Shapiro, annot., *Validity, Under Federal Constitution, of Warrantless Search of Automobile*, 26 L.Ed.2d 893 (1971). The findings of the state trial judge on this point which were subsequently affirmed

---

1. The arguments made here closely parallel those made in the Colorado Supreme Court appeal and the events leading up to the arrest of petitioner are well chronicled in the Supreme Court Reporter, *i. e.* 519 P.2d 951.

by the Colorado Supreme Court are supported by the facts in the case and applicable law.[2]

### III.

■ In his Traverse to Respondent's Answer and Return to Show Cause Order, petitioner challenges the constitutionality of the denial of his Motion to Suppress his prior 1962 conviction on two grounds: (1) that the 1962 plea of guilty was involuntary in that he was not advised of the nature of the charge nor was there any determination by the Colorado trial court that the plea was voluntarily made and, (2) the Colorado statutory rule that allows conviction of a prior felony to be used to impeach a defendant, without granting the trial court discretion to weigh the probative value of such evidence against its prejudicial effect "is a derogation of defendant's right to testify on his own behalf".[3]

We note that these same contentions were submitted to and rejected by the Colorado Supreme Court on petitioner's motion for postconviction relief. *See People v. Hubbard*, 519 P.2d 951 (Colo. 1974). The Colorado Supreme Court reviewed and rejected the contention that the plea of guilty giving rise to the 1962 aggravated robbery conviction was invalid. *People v. Hubbard*, 519 P.2d 945 (Colo. 1974). Thus there is an imprimatur by the Colorado Supreme Court that the 1962 felony conviction based on a guilty plea is a valid felony conviction. The Supreme Court opinion reflects that the 1962 conviction withstood five postconviction challenges. *See People v. Hubbard* 519 P.2d 945 (Colo. 1974). Therefore, we conclude that petitioner has failed to allege facts which would

support his contention that his 1962 guilty plea was involuntary.

■ In considering the petitioner's argument that the Colorado rule concerning admission of prior convictions is unconstitutional, we start with a backdrop that the Colorado Supreme Court has repeatedly upheld the validity of CRS 1963 154–1–1 which authorizes use of prior convictions to impeach a defendant's testimony at trial. The statute reads:

[T]he conviction of any person for any felony may be shown for the purpose of affecting the credibility of such witness. (Now CRS 1973 13–90–101)

Colorado cases upholding the statute include: *People v. Neal*, 509 P.2d 598 (Colo. 1973); *Bowland v. People*, 136 Colo. 57, 314 P.2d 685 (1957); *Lacey v. People*, 166 Colo. 152, 442 P.2d 402 (1968); *People v. Yeager*, 513 P.2d 1057 (Colo. 1973); *People v. Bueno*, 516 P.2d 434 (Colo. 1973).

In rejecting the concept that the trial courts may exercise discretion and exclude prior convictions of a defendant-witness, in *Yeager, supra*, the court concludes:

We hold to the view that a previous felony conviction of a witness, whatever its age may be shown to affect credibility. In the present state of law the effect on credibility of a "remote" conviction must be left to the judgment of the jury. *Id.*, 513 P.2d at 1060.

In our view it is within the province of the Colorado state legislature to make provision for use of prior convictions in the event a defendant-witness testifies.

---

2. We have made an independent review of the state court transcript and the record upon which the findings were based. The testimony at trial reflects that the officer had probable cause to stop and arrest petitioner.

3. Preliminary to the trial giving rise to the petitioner's present conviction (1972), the trial judge denied petitioner's motion to suppress the 1962 conviction. Petitioner did not testify at trial. The transcript of petitioner's 1972 trial and probation report reflects that petitioner apparently had at least one other conviction (a 1957 burglary conviction, ff. 972 and 1015). No motion to suppress this conviction was filed. It is also significant that no reference to the 1957 or 1962 convictions was made during the 1972 trial.

The Colorado statutory procedure does not impermissibly affect a defendant's due process rights and right to testify in his own behalf. We conclude that impeachment of a defendant-witness by showing prior convictions is not unconstitutional. *See Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967).

Most state jurisdictions, in a variety of statutory provisions, adhere to the proposition that if a defendant takes the witness stand in his own defense, former convictions may be introduced as a means of impeaching his credibility as a witness, *McCormick on Evidence* (2d Ed. 1972) Sec. 43, pp. 84–90. States take varying approaches in this area from allowing no judicial discretion as to admissibility—to allowing judges complete discretion. Some states base admissibility on the type of crime involved. *See McCormick, supra.*

In *Luck v. United States*, 121 U.S. App.D.C. 151, 348 F.2d 763 (1965) relied on by petitioner in interpreting a provision of the District of Columbia code (as distinguished from a federal statute of national effect), the Court announced a rule permitting the introduction of prior convictions of a defendant-witness in a limited way. The Court held that in determining the admissibility of prior convictions the trial judge, in his discretion, may balance the possible prejudice to the accused against the probative value of the conviction as it relates to credibility. In *Brown v. United States*, 125 U.S.App.D.C. 220, 370 F.2d 242 (1966) and *Gordon v. United States*, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), *cert den.* 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968), the Court further developed standards for the exercise of judicial discretion including considerations of the nature of the crime, nearness or remoteness in time of the prior conviction to the current offense, the subsequent career of the accused, and whether the crime was similar to the one presently charged.

It is significant that the District of Columbia statutory provision construed in *Luck, Brown* and *Gordon* was amended in 1970 to provide:

[F]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a criminal offense shall be admitted if offered, either upon the cross-examination of a witness or by evidence aliunde, but only if the criminal offense (A) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (B) involved dishonesty or false statement (regardless of punishment)."

A ten year limitation on prior convictions is included in the law. D.C.Code Sec. 14–305 (Supp. 1972).

In another District of Columbia proceeding, *Dixon v. United States*, 287 A. 2d 89, 92–96 (D.C.App. 1972), the D.C. Court of Appeals rejected a constitutional challenge to the legislative overruling of the *Luck* doctrine on the basis of the Due Process Clause and the Sixth Amendment right to trial by an impartial jury. Thus, the District of Columbia code provision which denies judicial discretion in admitting prior convictions and mandating admissibility has been judicially upheld.

In sum, the original *Luck* rule has been drastically changed in the present criminal code in the District of Columbia and has little precedential effect. It does not help petitioner here.

In like manner Rule 609(a) [4] Federal Rules of Evidence does not as-

---

4. Rule 609. Impeachment by Evidence of Conviction of Crime (a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

sist petitioner. These Rules govern procedures in courts of the United States and before U.S. Magistrates. Rule 609(a) gives the trial court judicial discretion to exclude former felony evidence not involving dishonesty or false statement, if its probative worth is less than its prejudicial force.

We conclude that the substantive law of the state prevails in matters dealing with admissibility of prior convictions. There is no federal interest strong enough to justify departure from inherent state policy in this area.

In addition we recognize that state jurisdictions are given wide latitude in formulating their rules of criminal procedure, which should not be interfered with by federal courts absent constitutional infringements. *Spencer v. Texas, supra*; *Stump v. Bennett*, 398 F.2d 111 (8th Cir. 1968); *Holloway v. Wolff*, 351 F.Supp. 1033 (D.Neb.1972).

█ We note further that error, if any, in admitting evidence of prior unrelated crimes is not a basis for habeas corpus. *See Peterson v. Tinsley*, 331 F. 2d 569 (10th Cir. 1964); *Heads v. Beto*, 468 F.2d 240 (5th Cir. 1972); *Williamson v. Erickson*, 354 F.Supp. 1130, 1133 (S.C.S.Dak.1973); *Holloway v. Wolff, supra*; *Lopez v. Pitchess*, 265 F.Supp. 136, 143–144 (C.D.Cal.1967).

In support of his petition, petitioner cites *State v. Santiago*, 53 Haw. 254, 492 P.2d 657, 659–662 (1971). This case holds that the introduction of a criminal defendant's former conviction for purposes of impeachment violates the constitutional rights of defendant relating to due process of law and defendant's right to testify in his own behalf.

We have considered this case and are not persuaded by its rationale. The case virtually stands alone on this point. We note that as a result of *Santiago*, the Hawaii legislature passed a statute in 1972 which treats the accused differently than other witnesses and allows him to be impeached by prior convictions only if he introduces testimony solely to support his credibility.[5]

### IV.

We have carefully read the state court record in this case as filed in the Colorado Supreme Court under Number 25,570, and studied the several opinions of the Colorado Supreme Court as they relate to petitioner, 519 P.2d 945, 951. Pursuant to our responsibility, we have reviewed in detail both appeals before the Colorado Supreme Court, and are satisfied that the records, transcripts, pleadings, and briefs, therein filed do not support petitioner's contentions in this action.

The Colorado Supreme Court has assiduously considered all points raised by petitioner and with clear, logical, and sound reasoning rejected petitioner's several appeals.

After full consideration of the points raised by petitioner, we conclude that petitioner has not been denied any constitutional rights, and his petition for habeas corpus must be denied.

It should be noted that under 609(a) Fed.R. E. no judicial discretion is provided for in admitting evidence of crimes involving dishonesty or false statements. In our view Rule 609(a) does not supercede state statutory provisions allowing use of prior convictions to impeach a defendant-witness.

The prevailing weight of authority in federal courts allow the use of prior convictions as a "legitimate tool with which to impeach the credibility of any witness, including the defendant . . ." *United States v. Partin*, 320 F.Supp. 275, 285–286 (E.D.La.1970), *and see* cases cited therein.

5. "[I]n a criminal case where the defendant takes the stand, the defendant may not be questioned or evidence introduced as to whether he has been convicted of any indictable or other offense unless the defendant has himself introduced testimony for the sole purpose of establishing his credibility as a witness . . ." Hawaii Rev.Stat. § 621–22 (1972).

## V.

It is hereby ordered that the Petition for Writ of Habeas Corpus is denied and Petition dismissed.

Petitioner's request for appointment of an attorney to represent him is denied.