## No. 26945

### The People of the State of Colorado v. Guy H. Tangas

(545 P.2d 1047)

Decided February 9, 1976.

William J. Knous, District Attorney, Richard T. Paynter, Jr., Deputy, for plaintiff-appellant.

Andrew J. Kasic, Jr., for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This interlocutory appeal was taken from an order of the District Court of Gunnison County in which the court suppressed certain physical evidence found on the defendant, Guy H. Tangas, at the time of his arrest, and other items which were taken from his locked automobile subsequent to the arrest. The district court determined that the arresting officers lacked probable cause to arrest and that the search of the defendant's au-

tomobile went beyond the bounds of a lawful inventory search. We reverse the rulings in part and affirm in part.

The defendant was charged with second-degree burglary, Section 18-4-203, C.R.S. 1973, and felony theft, Section 18-4-401, C.R.S. 1973, after two stores in Crested Butte, Colorado, were broken into during the evening hours of April 15, 1975, and the early morning hours of April 16, 1975. Investigation tied the defendant to the burglary of the "Needle and I" and the "Silversmith." Two shirts, some jewelry, and other items were taken from the two stores. An investigation revealed that the defendant had been in both stores on the previous day and had inquired about the two hand-made shirts which were later stolen in the course of the burglary. According to testimony at the suppression hearing, the defendant appeared to be "casing the joint" when he inquired about the shirts.

A criminal complaint was prepared, together with a warrant for the arrest of the defendant. The police obtained information that the defendant had boarded a flight for Los Angeles, California, from Gunnison, Colorado, on the morning of April 16, 1975, and that he was observed by Gunninson County Airport Officials wearing a shirt and necklace matching the description of article stolen from the Crested Butte stores. Los Angeles police were immediately notified, and the defendant was arrested when he left the plane in Los Angeles.

The prosecution has appealed the finding that the affidavit accompanying the arrest warrant coupled with the additional information which the police discovered was insufficient to establish probable cause and justify the arrest. Our ruling makes a determination of the arrest warrant issue unnecessary.

## I.

### Probable Cause to Arrest Without a Warrant

Whether the arrest warrant issued in Gunnison County was sufficient to uphold the arrest of the defendant in Los Angeles, California, is not germane to a proper resolution of the issues on appeal, inasmuch as we find that probable cause existed in the circumstances of this case to effect a warrantless arrest of the defendant. At the time of the arrest in Los Angeles, the Los Angeles Police Department had been advised of the following: (1) a burglary and theft occurred in Crested Butte, Colorado; (2) the defendant had been in the burglarized premises the day before and had inspected two hand-made shirts and items of jewelry; (3) the defendant departed from the Gunnison Airport wearing a shirt and bracelet matching the description of those taken in the burglary; (4) the defendant would be arriving in Los Angeles on Continental Flight 921; and (5) the name and physical description of the defendant. The defendant, who was wearing the described clothing and the bracelet, was arrested as he disembarked from Continental Flight 921 in Los Angeles.

■ The fellow-officer rule permitted the Los Angeles Police Department to rely upon the information supplied by the Gunnison County authorities in effecting the arrest. In *People v. Nanes,* 174 Colo. 294, 483 P.2d 958 (1971), we said:

" '. . . (i)t is not necessary for the arresting officer to know of the reliability of the informer or to be, himself, in possession of information sufficient to constitute probable cause, provided he acts upon the direction or as a result of communication with a brother officer *or that of another police department* and provided the police as a whole are in possession of information sufficient to constitute probable cause to make an arrest . . . .'" (Emphasis added.)

*See also, People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974). The fact that the information in this case was relayed across state lines to a police department in another state does not foreclose the employment and effectiveness of the fellow-officer rule. *See People v. Duncan,* 179 Colo. 253, 500 P.2d 137 (1972).

■ The police officers acting in this case possessed sufficient information to support a belief, by a man of reasonable caution and prudence, that the defendant probably committed the crime in question. Although "time was of the essence in this case," *see De La Cruz v. People,* 177 Colo. 46, 492 P.2d 627 (1972), when the facts establish the existence of probable cause, we are no longer required to determine whether "exigent circumstances" justify a warrantless arrest in a public place. *See United States v. Watson,* 44 U.S.L.W. 4112 (U.S. Jan. 26, 1976). In *Watson,* the United States Supreme Court declared:

"Law enforcement officers may find it wise to seek arrest warrants where practicable to do so, and their judgments about probable cause may be more readily accepted where backed by a warrant issued by a magistrate . . . . But we decline to transform this judicial preference into a constitutional rule when the judgment of the Nation and Congress has for so long been to authorize warrantless public arrests on probable cause rather than to encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances, whether it was practicable to get a warrant, whether the suspect was about to flee, and the like."

In view of the fact that the constitutional dimension of the question of "exigent circumstances" has now been reduced to a rule of "judicial preference," we must conclude that the factual foundation in this case provided probable cause to make a warrantless arrest, and this alone was sufficient to justify the arresting officers' action *United States v. Watson, supra. See also People v. Duleff,* 183 Colo. 213, 515 P.2d 1239 (1973); *De La Cruz v. People, supra; People v. Moreno,* 176 Colo. 488, 491 P.2d 575 (1971); *accord, Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). By so holding, we eliminate the necessity of measuring the validity of the arrest against

probable cause for the issuance of the initial warrant.

As an incident to the arrest, the defendant was properly searched, and the district court committed error in ruling that the evidence should be suppressed. *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974); *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *accord, Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *People v. Hubbard,* 184 Colo. 225, 519 P.2d 951 (1974); *People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (1971); *Whaley v. People*, 171 Colo. 287, 466 P.2d 927 (1970).

## II.
## Search of the Automobile

■ The prosecution asserts that a lawful inventory search of the defendant's automobile was made on April 17, 1975, because information was received from the National Crime Information Center that the vehicle was improperly licensed. Evidence in plain view at the time of an inventory search may be admitted in a subsequent trial. *People v. Trusty*, 183 Colo. 291, 516 P.2d 423; *see also Cady v. Dombrowski*, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967).

■ In this case, however, the district court found that the search of the defendant's automobile, which was located thousands of miles from the place of his arrest, was commenced prior to the time the report from the National Crime Information Center was received. The information contained in this report served as the only justification for the inventory search of the automobile. By searching the vehicle prior to the time this report was received, the investigating officers were not acting pursuant to specific regulations of their department, and, therefore, the search was not a lawful inventory search. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); *see also People v. Roddy*, 188 Colo. 55, 532 P.2d 958 (1975); *People v. Grana*, 185 Colo.126, 527 P.2d 543 (1974); *People v. Trusty*, 183 Colo. 291, 516 P.2d 423 (1973).

Accordingly, we affirm that part of the district court's ruling relating to the inadmissibility of the evidence seized from the defendant's automobile. We reverse the ruling which declared the defendant's arrest to be invalid and suppressed the evidence obtained from the defendant's person at the airport in Los Angeles.