Meyer, J.
(concurring in result). Although I harbor no doubt that there is an emergency exception to the constitutional right to counsel and when next presented with the opportunity to do so will vote in favor of such an exception, no court has yet so held and the possibility that any court might, so far as the present record discloses, was never suggested at the December 21 hearing or to any of the three courts considering this case, or indeed until the conference of this court after argument. I, therefore, cannot agree with my dissenting colleagues that defendant Knapp’s conviction should simply be affirmed, for to do so would be to deny him the opportunity to which due process clearly entitles him to contest whether his statement of December 31 to Hitt, improperly obtained as it otherwise clearly was (United States v Henry, 447 US 264, 274, n 11; Brewer v Williams, 430 US 387; Massiah v United States, 377 US 201; see Rhode Island v Innis, 446 US 291, 300, n 4), was obtained in a manner within that emergency exception. There is a point beyond which the fact that a person is missing may no longer be reasonably viewed as constituting an emergency. To pose £ reductio ad absurdum, the dissenters would not suggest that in a prosecution for the murder of Judge Crater, missing now these many decades, the introduction of a statement obtained under the same circumstances as was the statement obtained from Knapp could be justified on an emergency basis.
Whether an emergency exists is a question of fact, in which the fact that a person is missing is a highly important factor. It is not, however, the only relevant factor (compare Justice Blackmun dissenting in Brewer v Williams, 430 US 387, 439, supra, with State v Beede, 119 NH 620, cert den 445 US 967, reh den 446 US 993). To hold as a matter of law, as would the dissenters, that that fact alone justifies the deliberate, court-sponsored invasion of Knapp’s right to counsel is to permit the exception to swallow the rule and to violate Knapp’s right to due *177 process in order to justify the violation of his right to counsel.
The evidence strongly suggests that Knapp is guilty of the murder of Linda Velzy. But I would rather see one guilty man go free than sanction in the interest of justifiably limiting the right to counsel an exception that will render the rule meaningless in many cases and which in this case cannot be reached without violating the due process clauses of the State and Federal Constitutions.
In my view the matter should be remitted for a further suppression hearing at which the facts concerning the basis on which the police acted could be presented by the State, upon which rests the burden of proof (cf. People v Hodge, 44 NY2d 553, 557; People v Mitchell, 39 NY2d 173, 180), and Knapp would be afforded the opportunity to which due process entitles him to contest those facts.* Such a hearing would be permissible in view of the massive media coverage of Linda Velzy’s disappearance which would provide a sufficient check on possible distortion (People v Havelka, 45 NY2d 636, 644; People v Lypka, 36 NY2d 210; People v Horowitz, 21 NY2d 55).

 What is overlooked in footnote 4 of the dissent is that there can be no unfairness to the People in permitting Knapp to contest an issue which it was the People’s burden to present.