## (February 13, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SMITH, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Greene County rendered December 15, 1967, convicting defendant on his plea of guilty of the crime of felonious possession of weapons and dangerous instruments and appliances in violation of subdivision 2 of section 265.05 of the Penal Law, the indictment therefor having been returned at the same time as two other indictments charging criminal possession of a dangerous drug in the second degree and criminal possession of a hypodermic instrument, which latter two indictments were dismissed following said plea. Pursuant to section 813-c of the Code of Criminal Procedure, appellant seeks the review of the denial, after hearing, of his prior to guilty plea motion to suppress the use as evidence of two loaded pistols, a quantity of narcotics and a set of " works " for injection of narcotics, which had been seized from his possession. Ford, a New York City detective, testified that, while on duty at a station house at about 1:00 A.M. on September 20, 1967, he received a phone call from an informer known to him only as " Billy ", whose voice sounded like a male and who had furnished phone information on four or five previous occasions, two of which were acted upon by Ford and resulted in convictions. The informant stated that a shipment of narcotics was then being driven from New York to Syracuse along the Thruway in a black and white Buick convertible bearing Pennsylvania number 3F 7257, in which there were two guns which might be in a camera case, occupied by two persons, nicknamed Bottsy and Joe and described as: (1) a male Negro, about 23 years old, 5 feet 8 inches tall, weighing 180 pounds, with a heavy mustache and wearing a black knit shirt; and (2) a male Negro, about 30 years old, 5 feet 8 inches tall, weighing 170 pounds, with a heavy mustache and wearing a green and white sweater. Billy was asked how he had gotten the information, which he would not reveal, but said it was good. Ford contacted the Philadelphia police who, after checking the motor vehicle bureau, reported that the plate number corresponded to the described car registered to a James Smith, and then Ford gave the information to the Syracuse police, followed by their relaying it to the State police who in turn broadcast it to their cars patrolling the Thruway. Trooper Houghtaling related that he received the message and, while clocking a car for speeding, noticed it was the one described and, upon stopping same, asked for the driver's license and registration, which bore the same name as the information received, and noticed that the occupants fitted the description so supplied, together with white packages visible in an opened flap of a camera case. Upon the arrival of another trooper, the suspects were ordered from the car and some pills and a tinfoil

container were found on their persons, this being followed by a search of the car yielding the narcotics, the "works" and the guns. A search, not authorized by consent or a search warrant, is deemed reasonable only if conducted as incident to a lawful arrest and, to effect such an arrest, the arresting officers must have reasonable cause for believing that a crime has been committed and that the person arrested is the party responsible, it being recognized that such a reasonable cause may be provided by the communications received from an informer, as long as the information related is substantiated either by the informer's own character and reputation or by separate objective checking of the tale he tells (*People* v. *Malinsky,* 15 N Y 2d 86, 91). It is not necessary for the arresting officer to know of the reliability of the informer or to be, himself, in possession of information sufficient to constitute probable cause, provided he acts upon the direction of or as a result of communication with a brother officer or that of another police department and provided the police as a whole are in possession of information sufficient to constitute probable cause to make the arrest (*People* v. *Horowitz,* 21 N Y 2d 55, 60). Here, the combined police information, corroborated both by prior reliable experience with the informer and by separate checking of his information to the extent that the description of the car licensed in Pennsylvania matched that given by the informer, that the vehicle had been seen at the Yonkers interchange of the Thruway at about 1:00 A.M. and that the car was later seen in a location where and proceeding in the direction in which the informer mentioned, established the requisite reasonable or probable cause. Judgment affirmed. Herlihy, J. P., Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.