**Gary Lee ZAMORA, Plaintiff–Appellee,**

**v.**

**STATE of Colorado, DEPARTMENT OF REVENUE, MOTOR VEHICLE DIVISION, Defendant–Appellant.**

**No. 80CA0187.**

Colorado Court of Appeals, Div. I.

Aug. 21, 1980.

No appearance for plaintiff–appellee.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Sol. Gen., Richard H. Forman, Asst. Atty. Gen., Denver, for defendant–appellant.

COYTE, Judge.

Defendant appeals the judgment of the district court reversing the revocation of the plaintiff's driver's license which revocation was premised on plaintiff's refusal to submit to an alcohol determination test pursuant to the implied consent law.

The sole issue on this appeal concerns the trial court finding that there was insufficient evidence to give the arresting officer reasonable grounds to believe that plaintiff had been driving a vehicle prior to the implied consent request. At the administrative hearing, the only evidence on this issue was the testimony of agent Greene. Greene testified that when he arrived at the scene of an auto accident, he was advised by another officer, agent Morelli, that she suspected that plaintiff was under the influence of alcohol. Agent Morelli told agent Greene that she did not witness the accident, but that an unidentified witness had told her that plaintiff was the driver of the car involved in the accident. At that time plaintiff was seated in the back seat of agent Morelli's vehicle. Agent Greene then administered a field sobriety test to plaintiff which he failed, and plaintiff was taken into custody. Plaintiff was advised pursuant to the implied consent law, and he refused to submit to any test.

Section 42–4–1202(3)(e), C.R.S.1973, provides that: "[A]t such hearing, it shall first be determined whether the officer had reasonable grounds to believe that the said person was driving a motor vehicle while under the influence of, or impaired by, alcohol."

Defendant contends that sufficient evidence exists in the record to support the hearing officer's determination that agent Greene had reasonable grounds to believe that plaintiff was driving based upon the "fellow officer rule". We disagree.

In *People v. Nanes*, 174 Colo. 294, 483 P.2d 958 (1971), the court equated the terms "reasonable grounds" and "probable cause", and, quoting *People v. Smith*, 31 A.D.2d 863, 297 N.Y.S.2d 225 (1969), stated: " 'It is not necessary for the arresting officer to . . . be, himself, in possession of information sufficient to constitute probable cause, provided he acts upon the direction or as a result of communication with a brother officer or that of another police department and provided that the police as a whole are in possession of information sufficient to constitute probable cause . . . .' "

In the analogous situation where "probable cause" to issue a search warrant is supported by information supplied by a "citizen–informant", different from a common anonymous police informant, the court, in *People v. Glaubman*, 175 Colo. 41, 485 P.2d 711 (1971), held that there must be a showing of the name and address of the citizen–informant who witnessed the incident and a statement of the underlying circumstances.

Here, since the record lacks this information, there has been no showing that agent Morelli or the police as a whole had probable cause, i. e., reasonable grounds, to believe that plaintiff was driving the automobile prior to the accident. Accordingly, we conclude that the "fellow–officer rule" is inapplicable.

The district court erred in remanding the proceeding back to the Division of Motor Vehicles for rehearing on the issue of whether plaintiff was driving. Section 42–4–1202(3)(e), C.R.S.1973, provides that: "If reasonable grounds are not established by a preponderance of the evidence the hearing shall terminate, and no further action shall be taken." Accordingly, the district court should have remanded with directions to reinstate plaintiff's driver's license.

The order of the district court reversing plaintiff's driver's license revocation is affirmed, and the cause is remanded to the district court with directions to remand to the Division of Motor Vehicles for reinstatement of plaintiff's driver's license.

VAN CISE and KIRSHBAUM, JJ., concur.